**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| GEORGE M. YANICK, | ) |
| | ) CASE NO.   1:08-cv-1494 |
| Plaintiff, | ) |
| | ) |
| v. | ) MAGISTRATE JUDGE VECCHIARELLI |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) **MEMORANDUM OF OPINION** |
| | ) |
| Defendant. | ) |

This case is before the magistrate judge by the consent of the parties. Pending before the court is the application of counsel for plaintiff, George M Yanick ("Yanick"), for approval of attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (Doc. No. 22). The Commissioner opposes the petition and, in the alternative, opposes the amount requested (Doc. No. 24).  For the reasons set forth below, the court denies Yanick's application.

I. Procedural History

Yanick filed an application for SSI on November 20, 2002.  His application was denied initially and upon reconsideration.  Yanick timely requested an administrative hearing.  Administrative Law Judge Brenton L. Rogozen ("ALJ Brenton") held a hearing on August 16, 2005.  Yanick, represented by counsel, testified on his own behalf at the hearing.  Kevin Ye testified as a vocational expert.  ALJ Brenton issued a decision on

September 23, 2005 in which he determined that Yanick was disabled as of September 23, 2005 but that, prior to that date, Yanick retained the residual functional capacity ("RFC") to perform a range of light work and that there had been a sufficient number of jobs in the national economy that Yanick could perform. ALJ Brenton concluded, therefore, that Yanick had not been disabled prior to September 23, 2005. Yanick requested a review of ALJ Brenton's decision by the Appeals Council. On May 21, 2007, the Appeals Council remanded the case for further review on the matter of disability prior to September 23, 2005.

ALJ Mark Carissimi ("ALJ Carissimi") held a hearing on September 19, 2007. Yanick, represented by counsel, testified on his own behalf at the hearing. Mark Anderson testified as a vocational expert ("VE"), and Melvin Ross testified as a medical expert. On November 29, 2007, ALJ Carissimi issued an opinion finding that Yanick had the ability to do a range of light work from November 20, 2002 through September 22, 2005 and that there had been a significant number of jobs in the national economy that he had been able to perform. For these reasons, ALJ Carissimi found that Yanick had not been disabled prior to September 23, 2005. Yanick timely requested a review of ALJ Carissimi's decision by the Appeals Council. On April 23, 2008, ALJ Carissimi's decision became the decision of the Commissioner when the Appeals Council affirmed the decision of the ALJ and declined further review.

Yanick filed an appeal to this court on June 20, 2008. Yanick alleged that ALJ Carissimi erred because there was not substantial evidence to support his findings that (1) Yanick had no significant limitations in his right arm between November 20, 2002 and September 22, 2005 and (2) there were a sufficient number of full-time jobs that Yanick

2

could perform at that time. The court found that substantial evidence supported the ALJ's conclusion that Yanick is not significantly limited in the use of his right hand. It also found that because the ALJ failed to determine properly the size of Yanick's occupational base, the ALJ's decision that there were a sufficient number of full-time jobs that Yanick could perform was not supported by substantial evidence.

Yanick now requests attorney's fees in the amount of $2,835.23 for 16.4 hours work and costs in the amount of $27.50 pursuant to EAJA. The Commissioner opposes Yanick's application and, in the alternative, opposes the amount requested.

II

Upon application, the court shall award fees and other expenses to a prevailing party other then the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The "substantial justification" standard requires that the government's position be "'justified in substance or in the main'--that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government's position, in other words, must "have a reasonable basis in both fact and law." *Id.*; *Trident Marine Constr., Inc. v. District Eng'r*, 766 F.2d 974, 980 (6th Cir. 1985). The Sixth Circuit has held that the "substantial justification" standard "is essentially one of reasonableness." *Kerr v. Heckler*, 575 F. Supp. 455, 457 (S.D. Ohio 1983), citing *Wyandotte Sav. Bank v. NLRB*, 682 F.2d 119, 120 (6th Cir. 1982). The pertinent inquiry is whether the position maintained by the Commissioner "had a reasonable basis in law and fact." *Id.* "[W]hen an EAJA application is considered by this Court, the agency normally bears the burden of demonstrating substantial justification." *E.W. Grobbel Sons, Inc. v.*

3

*National Labor Relations Bd.,* 176 F.3d 875, 878 (6th Cir. 1999) (citing *Timms v. United States,* 742 F.2d 489, 492 (9th Cir. 1984)).

The court rejected Yanick's contention that substantial evidence did not support his finding that Yanick had no significant limitations in his right arm between November 20, 2002 and September 22, 2005.  The court agreed, however, that the ALJ's decision that there were a sufficient number of full-time jobs that Yanick could perform was not supported by substantial evidence.

Yanick argued that ALJ Carissimi's use of the grids to determine whether Yanick was disabled required him to determine the number of jobs that Yanick was able to perform and that the ALJ failed to do so properly.  The court noted that when a claimant has both exertional and non-exertional limitations, the ALJ must first determine whether the claimant "can meet the primary strength requirements of sedentary, light, or medium work . . . ." Social Security Ruling 83-14, 1983-1991 Soc. Sec. Rep. Serv. 41, 1983 WL 31254 ("SSR 83-14"), at *2.  The ALJ must then determine the effect of the non-exertional limitations on the potential occupational base.  In determining what remains of the occupational base, the ALJ must consider "the rule(s) reflecting the individual's maximum residual strength capabilities, age, education, and work experience . . . [and] all of the relevant facts in the case in accordance with the definitions and discussions of each factor in the appropriate sections of the regulations . . . ." *Id.* at *3.  "Where it is clear that additional limitations or restrictions have significantly eroded the exertional job base . . . , the remaining portion of the job base will guide the decision." *Id.* at *6.

The court also cited SSR 83-14 for the proposition that the effects of certain non-exertional limitations must be considered very carefully when those limitations are

4

combined with a light exertional level:

> Unlike unskilled sedentary work, many unskilled light jobs do not entail fine use of the fingers.  Rather, they require gross use of the hands to grasp, hold, and turn objects.  Any limitation on these functional abilities must be considered very carefully to determine its impact on the size of the remaining occupational base of a person who is otherwise found functionally capable of light work.

SSR 83-14 at *5.  Moreover, when the ALJ uses a VE and determines that a claimant is not disabled, the ALJ's decision must include "(1) citations of examples of occupations/jobs the person can do functionally and vocationally and (2) a statement of the incidence of such work in the region in which the individual resides or in several regions of the country." *Id.* at *6.

Where the ALJ's decision fell short was in the failure to satisfactorily list the incidence of such work in the region in which Yanick resided or in several regions of the country.  This was due, in part, because Yanick's limitations on his ability to manipulate objects bilaterally, as the VE noted, eliminated from his occupational base more than 75% of the sedentary occupations that he would otherwise be capable of performing as an individual capable of light work.  Yanick argued that this drastic loss of sedentary work, combined with an unknown number of part-time jobs that would not constitute substantial gainful employment, might have reduced the job base so severely that there may not have been a significant number of jobs in the national economy that Yanick could have performed during the relevant period.  The court agreed and remanded the case to the ALJ to estimate the number of full-time or part-time jobs representing substantial gainful employment performable by Yanick between November 20, 2002 and September 22, 2005 and to determine whether, given Yanick's total occupational base, work existed for Yanick in significant numbers in the national economy between November 20, 2002 and

September 22, 2005.  From this determination, the ALJ was to decide if Yanick was disabled during this period.

Although the court reversed the decision of the Commissioner, the Commissioner's position was substantially justified, including (1) reliance on a presumption that the majority of available jobs are full-time jobs and (2) reliance on *Casey v. Barnhart*, 2003 WL 22230115, *2 (10th Cir. Sept. 29, 2003), and other legal authority cited in the opposition, regarding the proper method of applying allegedly competing Grid rules.  Consequently, the position maintained by the Commissioner had a reasonable basis in law and fact and was substantially justified, despite the reversal.  For this reason, an award of fees pursuant to EAJA is not justified.

### III.  Decision

For the reasons given above, the court denies Yanick's application for an award of fees pursuant to EAJA.

**IT IS SO ORDERED.**


Date:  June 29, 2009                    s/ Nancy A. Vecchiarelli
                                        U.S. Magistrate Judge